## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ELIZABETH GROOM, et al.,

     Plaintiffs,

v.                                 Case No.: 08-cv-02567-JDW-EAJ

BANK OF AMERICA, et al.,

     Defendants.

_____/

## DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO STAY PENDING PLAINTIFFS' PAYMENT OF FEES AND COSTS PURSUANT TO RULE 41(D) AND INCORPORATED MEMORANDUM OF LAW

Benjamin H. Hill, III
Casey G. Reeder
**HILL WARD HENDERSON**
3700 Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602
Telephone: (813) 221-3900
Facsimile: (813) 221-2900

Mary J. Hackett
Sharon Rusnak
**REED SMITH LLP**
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

Attorneys for Defendant
Bank of America

# TABLE OF CONTENTS

I.      INTRODUCTION ...........................................................................................................1

II.     BACKGROUND .............................................................................................................2

III.    ARGUMENT....................................................................................................................5

        A.      This Action Was Previously Filed and Dismissed in Clements and Alkow............7

        B.      This Action Involves the Same Claims As Clements and Alkow ...........................9

        C.      Bank of America Is Entitled to Recover Its Fees and Costs
                Incurred and Not Usable in This Case ..................................................................10

        D.      This Case Should Be Stayed Until Plaintiffs Pay the Rule 41(d) Award .............12

IV.     CONCLUSION...............................................................................................................13

EXHIBITS

Exhibit A – *Clements* Complaint

Exhibit B – Chart of Plaintiffs from Prior Actions

Exhibit C – Plaintiffs' Response to Order to Show Cause in *Clements*

Exhibit D – *Alkow* Complaint

Exhibit E – Notice of Voluntary Dismissal in *Alkow*

Exhibit F – Motion for Voluntary Dismissal in *Alkow*

Exhibit G – June 17, 2008 Order in *Alkow*

Exhibit H – Affidavit of Mary J. Hackett

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIZABETH GROOM, et al.,

     Plaintiffs,

v.                                                              Case No.: 08-cv-02567-JDW-EAJ

BANK OF AMERICA, et al.,

     Defendants.

_____/

**DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO STAY PENDING**
**PLAINTIFFS' PAYMENT OF FEES AND COSTS PURSUANT TO RULE 41(D)**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant Bank of America, N.A. ("Bank of America"), by and through its

undersigned attorneys and pursuant to Federal Rule of Civil Procedure 41(d), moves to stay

these proceedings pending Plaintiffs' payment of Bank of America's costs, including

attorney's fees, incurred in defending a lawsuit previously filed and dismissed by certain of

the Plaintiffs to the action.  In support of this motion, Bank of America states as follows:


**I.      INTRODUCTION**

Of the 289 Plaintiffs that have brought this action against Bank of America, 86 of

them have previously brought these very claims against Bank of America in either the

United States District Court for the Southern District of New York or the United States

District Court for the Middle District of Florida.  In those cases, as well as this one,

Plaintiffs were represented by the same core group of lawyers.  And those Plaintiffs

dismissed their claims in those prior actions to bring the same claims against Bank of America in this Court, presumably in the hope of obtaining a more receptive forum.

Fortunately for Bank of America, federal law provides redress for those Plaintiffs' actions. A plaintiff may not simply dismiss and re-file the same case on multiple occasions without consequences. Such duplication of litigation wastes judicial resources and causes the defendants subject to those multiple lawsuits to incur fees and costs defending the case, some of which for work that may not be usable in the subsequent action. Under Federal Civil Rule 41(d), when a plaintiff dismisses a case and then re-files it, as these Plaintiffs have done here, the Court has the authority to stay the second action and condition its relitigation on the plaintiff's payment of the costs from the first action. This Court should exercise its authority under Federal Civil Rule 41(d) and stay this case in its entirety until the plaintiffs in prior proceedings pay the fees and costs incurred by Bank of America in the prior cases.

## II.    BACKGROUND

The genesis of this case can be traced to an action filed in this Court on March 5, 2007, captioned *Clements v. Pearlman*, No. 07-CV-00399 (M.D. Fla.). *Clements* was a mass action brought on behalf of more than 90 individual and corporate plaintiffs against Louis Perlman and other defendants arising from a Ponzi scheme and other fraud precipitated by Pearlman. *See* Exhibit A (*Clements* Complaint). Sixty-three of the plaintiffs in *Clements* are now Plaintiffs in this action. *See* Exhibit B (Chart of Plaintiffs from Prior Actions). The plaintiffs included Bank of America as a defendant and asserted the same allegations that Plaintiffs assert here and contended in a conclusory fashion that Bank of

America participated in, benefited from, and aided and abetted Pearlman's fraud.  *See* Exhibit A (*Clements* Complaint) at ¶¶ 16, 98, 110, 137, 152, 164, 214, 267-268, 272-273, 277-280.  Despite filing the 104-page Complaint, the plaintiffs never served it on the defendants, and on July 9, 2007, the Court issued a show cause order for failure to serve the Complaint.  On July 20, 2007, the plaintiffs filed their response to the Court's show cause order in which they advised the Court that they intended to bring their claim in a "more convenient forum," New York federal court.  *See* Exhibit C (Plaintiff's Response to Order to Show Cause).  On July 23, 2007, the Court dismissed *Clements* without prejudice.

On March 16, 2007, while *Clements* was still pending, the same plaintiff's counsel brought the next case asserting these claims in *Alkow v. Pearlman*, No. 07-CV-2285 (S.D.N.Y.).  *Alkow* was also a mass action brought on behalf of more than 90 individual and corporate defendants.  *See* Exhibit D (*Alkow* Complaint).  Twenty-three of the plaintiffs in *Alkow* are now Plaintiffs in this action.[1]  *See* Exhibit B (Chart of Plaintiffs from Prior Actions).  Like *Clements*, *Alkow* arose from Pearlman's Ponzi scheme and other alleged

---

[1]      These twenty-three individuals were Plaintiffs in the original *Alkow* Complaint (which is attached here as Exhibit D), but were not Plaintiffs in the Amended Complaint filed in *Alkow* on November 5, 2008, which remains pending.  There are twenty-seven Plaintiffs in this case who are also Plaintiffs in the pending *Alkow* action, including Ralph Albergo, Jason Berg, Lindsey Berg, Charles Berg, Maurice Bernstein, Jody Chimbel, Frank Ciolli, Fred Finkelstein, Lora Gonzalez, Steven Hoffman, Stuart Kreiner, North Shore Plumbing Supply, Richard Pashayan, Maria Pashayan, Melissa Pashayan, Laura Pashayan, Christina Pashayan, Alan Putterman, River Vale Chiropractic, Peter Rossi, Jerome Rothschild, Florence Schulman Estate, Milo Thalrose, Michael Tannenhauser, Jonathan Tannenhauser, Mark Tannenhauser, and Jonathan Tannenhauser IRA.  As set forth in Bank of America's Motion to Dismiss, which was filed contemporaneously with this Motion, these Plaintiffs claims should be dismissed based on the First-Filed Rule because they have two simultaneous actions pending asserting the same claims against Bank of America.

fraud. Bank of America was once again a named defendant. The *Alkow* Complaint (which was 122 pages) asserted the same claims and allegations against Bank of America as *Clements*, including alleged RICO violations, breach of fiduciary duty, misappropriation, negligence and alleged violations of state securities laws. *See* Exhibit D (*Alkow* Complaint) at ¶¶ 143-197, 232, 263-305, 324-347. And, again, the plaintiffs' claims were predicated on allegations that Bank of America participated in, benefited from, and aided and abetted Pearlman's fraud. *Id.* at ¶¶ 118, 123, 128, 130, 134, 148, 232. This time the case moved forward and all defendants moved to dismiss. On June 16, 2008, certain plaintiffs, including twenty-three individual Plaintiffs in this case, filed a Notice of Voluntary Dismissal of their claims against Bank of America, which the Court allowed on September 3, 2008. *See* Exhibit E (Notice of Voluntary Dismissal).[2]

Then, on December 24, 2008, the same plaintiffs' counsel filed this action. Eighty-six of the Plaintiffs in the Amended Complaint in this action were also plaintiffs in *Clements* and *Alkow* (the original Complaint), and they are asserting the same claims yet again. As in *Clements* and *Alkow*, Plaintiffs' claims here arise from Pearlman's Ponzi scheme and other fraudulent activities.[3] *See* Complaint, ¶¶ 2-29. Plaintiffs' claims are also based on the same conclusory facts as *Clements* and *Alkow*; that is, that Bank of America participated in,

---

[2]     Many of those same plaintiffs originally moved to dismiss their claims in *Alkow* without the imposition of fees and costs. *See* Exhibit F (Motion Pursuant to Fed.R.Civ.P. 41(a)(2) for Voluntary Dismissal). The Court in *Alkow* denied that motion. *See* Exhibit G (June 17, 2008 Order).

[3]     Indeed, on January 9, 2009, Plaintiffs filed a Notice of Pendency of Other Actions in which they certified that this case is "related to" *Clements* and *Alkow*. *See* Notice of Pendency of Other Actions (Docket No. 3).

benefited from, and aided and abetted Pearlman's fraud. *Id.* at ¶¶ 1-3, 41-49. Plaintiffs also assert many of the same causes of action as the previous cases, including breach of fiduciary duty, aiding and abetting, and violation of state securities laws. *Id.* at ¶¶ 50-88.

Thus, a large core group of Plaintiffs and the same lawyers have now brought the same claims based on the same operative facts against Bank of America on three separate occasions (including twice in this Court). Federal law casts a dim view on the multiple actions filed by Plaintiffs and their counsel and provides the federal courts, in Federal Rule of Civil Procedure 41(d), with the means to police it. Bank of America is seeking to recover its fees and costs incurred in the prior actions from those individual Plaintiffs in this action that have now brought these same claims again. This Court can and should invoke Rule 41(d) and stay this case until those Plaintiffs pay the fees and costs incurred by Bank of America.

## III.   **ARGUMENT**

Federal Civil Rule 41(d) provides that when a plaintiff has dismissed an action and then recommences it against the same defendant, the court may stay the second action and condition its relitigation on the plaintiff's payment of costs of the first action. *See* Fed.R.Civ.P. 41(d); 8 Moore's Federal Practice, § 41.70[1] (3d ed. 2005). Rule 41(d) provides:

> **Costs of a Previously Dismissed Action.** If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:  (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed.R.Civ.P. 41(d).

"The award of costs under Rule 41(d) is intended to deter forum shopping and vexatious litigation." *Siepel v. Bank of America, N.A.*, 239 F.R.D. 558, 563 (E.D. Mo. 2006), *aff'd*, 526 F.3d 1122 (8th Cir. 2008); *see also New Phone Co., Inc. v. New York City Dept. of Info. Tech. and Telecom.*, No. 06-3529, 2007 WL 2908110, at *16 (E.D.N.Y. Oct. 5, 2007) ("The purpose of Rule 41(d) is 'to prevent forum-shopping within the federal court system ... [it] serves the broader purpose of penalizing a plaintiff for re-filing the very suit he has previously dismissed.") (citations omitted); *Stiftung v. Sumitomo Corp.*, No. 99-1108, 2001 WL 1602118, at *9 (S.D.N.Y. Dec. 14, 2001) ("The intended purpose of Rule 41(d) [is] to deter 'forum shopping and vexatious litigation....'") (citations omitted).  It prevents forum shopping, "especially by plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else." *Robinson v. Nelson*, No. 98-10802, 1999 WL 95720, at *2 (D. Mass. Feb. 18, 1999).  And, "it is generally held that the second action will be deemed vexatious until the inference is removed by some showing on the part of the plaintiff upon whom such burden rests." *World Athletic Sports Corp. v. Pahlavi*, 267 F.Supp. 160, 164 (S.D.N.Y. 1966).

To invoke Rule 41(d), no showing of subjective "bad faith" in dismissing the prior action and recommencing the present action is required.  *See Siepel*, 239 F.R.D. at 563 (under Rule 41(d) "[n]o showing of bad faith is required."); *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996) ("Nothing in the language of Rule 41(d) or the case law suggests that a defendant must show 'bad faith' before a district court can order payment by a plaintiff of costs incurred in a voluntarily-dismissed previous action."); *Loubier v. Modern*

*Acoustics, Inc.*, 178 F.R.D. 17, 22 (D. Conn. 1998) ("There is no requirement in Rule 41(d) or the relevant caselaw that a defendant must show bad faith on the part of the plaintiff in order to recover costs."); *Activox, Inc. v. Envirotech Corp.*, 532 F. Supp. 248, 251 (S.D.N.Y. 1981) ("Whatever the strategy of Activox may have been in dismissing its prior action, by virtue of Fed.R.C.P. 41(d) it is now subject to 'the payment of costs of the action previously dismissed.'"). Rather, the moving party need only establish that: (a) a plaintiff's previous action was dismissed; (b) a second action has been commenced that is "based upon" or "includ[es] the same claim" against the same defendant; and (c) there are costs and attorneys' fees incurred by the defendant in the prior action that will not be useful in the newly-filed litigation.

Each of these elements is present here.

### A.   This Action Was Previously Filed and Dismissed in *Clements* and *Alkow*.

There can be no dispute that eighty-six of the individual Plaintiffs in this action previously brought, and dismissed, *Clements* and *Alkow*, including:

*Clements* Plaintiffs:

| | | |
|---|---|---|
| Huriyet Anaz | Steven Arkin, M.D. | JJ Barrett, III |
| Joanne Barrett | Richard Cassidy | Les Chitester |
| Mary Chitester | Kathleen Clements | Donald Colbert |
| Michael Connelly | David Dewalt | Abilio Gonzalez |
| Mary Gonzalez | Lloyd Hall | Victoria Hand |
| Donald Hanney | Mary Hanney | Larry Hines |
| Patricia Hines | Gregory Iceberg | Malcolm Lauder |
| Margaret Lauder | Edward Lauria | Libby Lauria |
| Jacqueline Lowy | Luz Lozana Estate | Frank Luce |
| Dale Marcum | James Matthews | Raymond Meagher |
| Teresa Meagher | Jeffrey Miller | Donald Monks |
| Rosalie Monks | Roger Morgan | Kyran Martin Murphy Estate |

Margaret Nagy                Jordan Nevler              Leda Nevler
Theodora Paaso               Thomas Paaso               Stephen Parr
Elizabeth Richardson         John Richardson            Harry Robinson, III
Beverly Silva                Emmanuel Silva             Dominique Swette
James Lee Van Fossen         Anita Volk                 James Williams
William Young                Anita Volk Trust           John J. Barrett, III, as Trustee of The
                                                        Dynasty Construction Inc., 401K Plan
Gonzalez Invest. Personal    JB III Consulting Inc.     JFL Venture Fund I
Property Family Limited
Partnership
JFL Venture Fund II          JHL Venture Fund III       JFL Venture Fund IV
JHL Venture Fund V           Lowy Family Trust          Secure Storage Corporation

### *Alkow* Plaintiffs:

Ana Afane
Jorge Afane
Beverly Alkow
Mitchell Alkow
Nadia Alkow
Jeffrey Boenig
William Boenig
Howard Cohen
Jared Cohen
Jennifer Cohen
Marlene Cohen
Dennis Coren
Roberta Coren
Fran Hirschmann
Kenneth Hirschmann
Daniel Marsh
Martiza Montermarano
Medoro Montermarano
Alan Rosen
Paula Rosen
Adeen Schwartz
Ian Schwartz
Nancy Yacovone

*See also* Exhibit B (Chart of Plaintiffs from Prior Actions).  These individual Plaintiffs are

subject to Rule 41(d).

It is inconsequential to the Rule 41(d) analysis that this action includes other parties who were not involved in *Alkow* or *Clements*. The Court may apply Rule 41(d) regardless of the addition of new parties to the second action. *See Siepel*, 239 F.R.D. at 564 (applying Rule 41(d) notwithstanding the inclusion of additional plaintiffs and defendants); *Simeone v. First Bank Nat. Ass'n*, 125 F.R.D. 150, 154 (D. Minn. 1989) ("The addition of new defendants in a second suit, however, does not preclude the Court from awarding costs to one who was a party to the previous action, nor does it prevent the Court from granting a stay of proceedings pursuant to Rule 41(d) as against all defendants pending payment of an award of costs to the defendant who was named in both the prior and instant suits."). Indeed, to hold otherwise would allow plaintiffs to avoid Rule 41(d) application by simply adding additional parties and changing fora – exactly what Plaintiffs are attempting to do here.

**B.     This Action Involves the Same Claims As *Clements* and *Alkow*.**

In determining whether the second action is "based on or including the same claim[s]" as the first action under Rule 41(d), courts focus on the identity of the claims, the operative facts, and the relief requested. *See Esquivel*, 913 F.Supp. at 1387. Again, there can also be no dispute that the claims brought in *Alkow* and *Clements* are the same claims that are alleged here.

The individual Plaintiffs in this case and the prior cases brought claims alleging that Bank of America participated in, benefited from, and aided and abetted Pearlman's fraud by allowing the fraudulent funds to be deposited with and withdrawn from Bank of America, failing to adhere to banking standards, and negligently handling the plaintiffs' funds. *Compare* Complaint at ¶¶ 41-47 *with* Exhibit A (*Clements* Complaint) at ¶¶ 98, 110, 137,

152, 164, 214, 267-268, 272-273, 277-280 *and* Exhibit C (*Alkow* Complaint) at ¶¶ 118, 123, 128, 130, 134, 148, 232.  Based on these same core allegations, these individual Plaintiffs asserted the same claims against Bank of America for breach of fiduciary duty and aiding and abetting.  *Compare* Complaint at ¶¶ 50-71 *with* Exhibit A (*Clements* Complaint) at ¶¶ 206-215, 243-257 *and* Exhibit D (*Alkow* Complaint) at ¶¶ 224-234, 262-276.  Thus, the pleadings plainly show that the claims, operative facts and relief requested in this case and *Clements* and *Alkow* are substantially the same.  *See Sanderson v. Spectrum Labs, Inc.*, 227 F. Supp.2d 1001, 1013-1014 (N.D. Ind.), *aff'd,* 248 F.3d 1159 (7th Cir. 2000) (awarding fees and costs under Rule 41(d) where the "substantive paragraphs directed against Spectrum in this case are lifted almost verbatim from Sanderson's earlier complaint" and the claims are substantially the same).

### C. Bank of America Is Entitled to Recover Its Fees and Costs Incurred and Not Usable in This Case.

Because eighty-six of the individual Plaintiffs in this action have previously brought these very claims against Bank of America, the Court can and should order those individual Plaintiffs to pay the costs Bank of America incurred.  This Court has held that the "costs" available under Rule 41(d) include attorneys' fees and costs.  *See Platman v. Turfmaster Lawn & Ornamental Care, Inc.*, No. 08-861, 2008 U.S. Dist. LEXIS 91026, at *4 (M.D. Fla. Sept. 18, 2008) ("Courts have construed 'costs' in Rule 41 to include attorney's fees.") (citations omitted).[4]  Other courts follow this well reasoned interpretation of Rule 41(d).  *See*

---

[4]     Although there appears to be no question that attorneys' fees are costs under Rule 41(d) in this Court, some Courts have held that the Court may exercise discovery over
Continued on following page

*Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980); *Behrle v. Olshansky*, 139

F.R.D. 370, 375 (W.D. Ark. 1991); *Stiftung*, 2001 WL 1602118, at \*9; *Accord Esquivel,* 913

F. Supp. at 1388-1392 (awarding fees and costs under Rule 41(d)); *Loubier*, 178 F.R.D. at 22

(same); *Whitehead v. Miller Brewing Co.*, 126 F.R.D. 581 (M.D. Ga. 1989) (same). Bank of

America accepts here that any payment of attorneys' fees should be limited to compensation

for work done defending *Alkow* that cannot be re-used in this case. *See Ivoclar Vivadent Inc.*

*v. Corporation Cortex Machina*, No. 01-0113, 2004 WL 2315071, at \*7 (W.D.N.Y. Oct. 14,

2004).

Because the above-identified individual Plaintiffs' conduct in bringing the same

claims twice fall within the parameters of Rule 41(d), Bank of America respectfully request

an award of $ 124,000 in fees and costs under Rule 41(d). Bank of America incurred

$ 123,353.27 in fees and $ 646.73 in costs to defend *Alkow*. *See* Exhibit H at ¶ 13 (Affidavit

of Mary J. Hackett). Bank of America has reviewed their fees and costs incurred in *Alkow*

and determined that $ 124,000 represents the fees and costs incurred for tasks that will not be

---

Continued from previous page
whether to award fees. In one case, *Wishneski v. Old Republic Ins. Co.*, No. 06-148, 2006
U.S. Dist. LEXIS 73793, at \*15 (M.D. Fla. Oct. 10, 2006), the Court acknowledged that the
"costs" available under Rule 41(d) include attorneys' fees and costs, but went a step further
and held that the Court had the discretion to award attorneys' fees as costs when necessary to
deter vexatious and repetitive litigation and where the second action is brought in bad faith.
*See also Shaker Village Condo. Assoc. v. Certain Underwriters at Lloyd's*, No. 08-61935,
2009 U.S. Dist. LEXIS 16483 (S.D. Fla. Feb. 19, 2009) (deferring on whether to award
attorneys' fees pending a hearing on whether plaintiff acted in bad faith). Other Courts have
not applied this "bad faith" requirement. *See Platman*, 2008 U.S. Dist. LEXIS 91026. To
the extent that this Court elects to apply the "bad faith" requirement, Bank of America
requests leave to conduct discovery on that issue and an evidentiary hearing to show that
these Plaintiffs acted in "bad faith" with the multiple filings and dismissals.

useful in this litigation and are reasonable reimbursement for legal work that was performed. *Id.* at ¶¶ 11-13.

Bank of America did incur costs to start the process to defend the *Clements* case but given that Plaintiffs never served the Complaint in that action Bank of America is not seeking reimbursement of the fees and costs incurred in that case.

**D.     This Case Should Be Stayed Until Plaintiffs Pay the Rule 41(d) Award.**

Finally, the Court should stay this action until it determines the amount of fees and costs that should be awarded under Rule 41(d) and until the above-identified individual Plaintiffs have complied with the Court's Order and paid those fees and costs.  Rule 41(d) "empowers the court to order a stay of proceedings until such time as the plaintiff has complied with the order." *Esposito v. Piatrowski*, 223 F.3d 497, 499 (7th Cir. 2000); *see also Zaegel v. Public Finance Co.*, 79 F.R.D. 58, 59 (E.D. Mo. 1978) (granting stay of proceedings until plaintiff paid Rule 41(d) costs incurred in prior litigation).  The power to stay proceedings applies with respect to the entire litigation, not just with respect to those parties from the first action. *See Esposito*, 223 F.3d at 500; *Simeone*, 125 F.R.D. at 154.

Should Plaintiffs fail to pay the costs and attorneys' fees owed, it is well within the Court's discretion to dismiss the entire action. *See Esposito*, 223 F.3d at 499-500. Accordingly, Bank of America respectfully requests that the Court issue an Order requiring payment of the costs and attorneys' fees within twenty days and if such payment is not made, ordering that Plaintiffs' action is involuntarily dismissed with prejudice.

## IV.    **CONCLUSION**

As set forth above, Defendant Bank of America, N.A. respectfully requests that, pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, this Court award $ 124,000 in fees and costs incurred in defending the *Alkow* action; issue a Rule 41(d) stay pending compliance with this Court's Order; and order that if compliance is not achieved within twenty days following the Court's Order, Plaintiffs' Complaint in this action will be dismissed with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Bank of America has conferred with counsel for Plaintiffs and hereby

certifies that Plaintiffs oppose the requested relief.

Date:  June 15, 2009                                      Respectfully submitted,

                                                          /s/ Benjamin H. Hill, III

Mary J. Hackett  *(pro hac vice)*                         Benjamin H. Hill, III (FBN 094585)
mhackett@reedsmith.com                                    bhill@hwlaw.com
Sharon L. Rusnak  *(pro hac vice)*                        Casey G. Reeder (FBN 041986)
srusnak@reedsmith.com                                     creeder@hwhlaw.com
**REED SMITH LLP**                                        **HILL WARD HENDERSON**
435 Sixth Avenue                                          3700 Bank of America Plaza
Pittsburgh, PA  15219                                     101 East Kennedy Boulevard
Telephone:  412-288-3131                                  Tampa, FL  33602
Facsimile:  412-288-3063                                  Telephone:  813-221-3900
                                                          Facsimile:   813-221-2900

                                                          *Attorneys for Defendant Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 15, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/ Benjamin H. Hill, III
Benjamin H. Hill, III