UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ELIZABETH GROOM, et al.,**

    Plaintiffs,

v.                                          Case No.: 8:08-CV-2567-T-27EAJ

**BANK OF AMERICA, et al.**,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the court are Defendant Fifth Third Bank's **Motion for Payment of Costs and to Stay Proceedings** (Dkt. 37), Fifth Third Bank's **Amended Motion** (Dkt. 95), and Plaintiffs' **Opposition** (Dkt. 112). Also before the court are Defendant Bank of America, N.A.'s **Amended Motion to Stay Pending Plaintiffs' Payment of Fees and Costs** (Dkt. 104) and Plaintiffs' **Opposition** (Dkt. 113).[1] Bank of America seeks $124,000 in costs and fees (Dkt. 120 ("Mary Hackett Amend. Aff.")). Fifth Third Bank seeks $102,282.41 in costs and fees as reflected in the amended affidavit of its counsel (Dkt. 119 ("Margaret Mathews Amend. Aff.")). Invoices detailing the movants' fees and costs are attached to the affidavits. The motions relate to a case previously litigated against these Defendants by some of the same Plaintiffs in this action during a period of approximately 17 months.

1.     Introduction

On December 24, 2008, Plaintiffs filed a complaint in this case against Defendants Fifth Third Bank and Bank of America, among others, asserting claims arising out of a Ponzi scheme

---

[1] The District Judge referred these motions to the undersigned for the issuance of a report and recommendation (see Dkt. 115).

perpetrated by Louis Pearlman who was convicted of money laundering in May 2008 and is serving 25 years in prison (see Dkt. 1). Plaintiffs, investors in Pearlman's Ponzi scheme, allege that their life savings were wiped out in the scheme and claim damages of over $40 million. Plaintiffs' claims against Bank of America and Fifth Third Bank are for breach of fiduciary duty, aiding and abetting, conversion, and commercial bad faith. Plaintiffs have amended their complaint twice, most recently on July 31, 2009, adding and dropping Plaintiffs each time. There are now a total of 118 individual and corporate Plaintiffs.

Eighteen months before this case was filed, fourteen of the Plaintiffs who filed this action were among a group of plaintiffs who filed suit against Defendants in the Southern District of New York in a case captioned Alkow, et al. v. Pearlman, et al., Case No. 1:07-CV-2285-GBD (S.D. N.Y.). The Alkow plaintiffs alleged similar causes of action arising out of the Pearlman Ponzi scheme (see Dkt. 104, Ex. D ("Alkow Complaint")).[2] The Alkow case is still pending. However, some of the original Alkow plaintiffs voluntarily dismissed their claims against Defendants – including Bank of America and Fifth Third Bank – after several Defendants filed motions to dismiss. These plaintiffs, along with others (including some of those who remain as plaintiffs in Alkow), filed this action.[3]

---

[2] Before Alkow, some of the Plaintiffs in this case and in Alkow filed Clements, et al. v. Pearlman, et al., Case No. 07-CV-00399-T-26TGW (M.D. Fla.), asserting similar claims against Fifth Third Bank and Bank of America, among others (see Dkt. 104, Ex.A ("Clements Complaint")). The District Judge in Clements dismissed the case without prejudice before Defendants were served because the plaintiffs filed notice that they intended to refile in a more convenient forum. In the instant motions, Defendants do not seek their fees and costs incurred in Clements.

[3] Several of the plaintiffs who dismissed their claims against Defendants in Alkow and then refiled this case were dropped from the Second Amended Complaint in this case. Currently, fourteen of the plaintiffs who dismissed their claims in Alkow are Plaintiffs in this case (see Dkt. 95 at 1).

2. Rule 41(d), Fed. R. Civ. P.

Bank of America and Fifth Third Bank request that the court assess the costs and fees incurred by them in defending the Alkow case against the fourteen Plaintiffs in this case who voluntarily dismissed their claims in Alkow. Defendants request this award pursuant to Rule 41(d), Fed. R. Civ. P., and also seek a stay of the case until Plaintiffs comply.

Rule 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Rule 41(d), Fed. R. Civ. P.

A party moving for costs under Rule 41(d) must show: (1) the plaintiff dismissed a previous action; (2) the plaintiff then commenced a second action that is based upon or includes the same claim against the same defendant; and (3) the defendant incurred costs in the prior action that will not be useful in the newly-filed litigation. Siepel v. Bank of America, N.A., 239 F.R.D. 558, 563 (E.D. Mo. 2006) (citations omitted).

The court has discretion under Rule 41(d) to award costs. See Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1256 n.2 (11th Cir. 2001) (per curiam). A showing of bad faith is not required to recover costs under the rule. See Loubier v. Modern Acoustics, Inc., 178 F.R.D. 17, 22 (D. Conn. 1998) (citation omitted). Rather, in determining whether an award of costs is appropriate, courts look to whether a plaintiff's conduct satisfies the requirements of Rule 41(d) and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant. Esquivel v. Arau, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996).

Courts are divided, however, over whether the costs available under Rule 41(d) include

attorneys' fees; apparently, there is no Eleventh Circuit authority on the issue. Some courts reason that "costs" under Rule 41(d) should include fees because to hold otherwise would encourage plaintiffs to waste the resources of the opposing party and the judiciary by changing forums mid-litigation. See e.g. Adams v. New York State Educ. Dep't, 630 F. Supp. 2d 333, 343-44 (S.D. N.Y. 2009); Cadle Co. v. Beury, 242 F.R.D. 695, 698-99 (S.D. Ga. 2007); see also Behrle v. Olshansky, 139 F.R.D. 370, 375 (W.D. Ark. 1991). Other courts hold that Rule 41(d) does not allow for an award of attorneys' fees as part of costs because the rule refers only to costs. See e.g Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 874 (6th Cir. 2000).

Those courts which find that attorneys' fees may be awarded under Rule 41(d) generally consider the plaintiff's motive in dismissing the first action and whether the plaintiff exhibited some measure of vexatious conduct in refiling the case.[4] See Oteng v. Golden Star Res., Ltd., 615 F. Supp. 2d 1228, 1240 (D. Colo. 2009) (citations omitted). For example, a plaintiff's decision to refile an action in another court rather than respond to a motion to dismiss for lack of personal jurisdiction may be evidence of vexatious conduct. Esquivel, 913 F. Supp. at 1387. On the other hand, attorneys' fees may be denied if there was a good reason for the dismissal of the prior action or a plaintiff is unable to pay the costs and fees. Adams, 630 F. Supp. 2d at 344.

---

[4] In Wishneski v. Old Republic Ins. Co., No. 5:06-CV-148-Oc-10GRJ, 2006 WL 4764424, at *4 (M.D. Fla. Oct. 10, 2006), the court concluded that attorneys' fees may be included in an award of costs under Rule 41(d) provided there is some measure of bad faith or repetitive and vexatious conduct in refiling the second case: "[T]he Court should exercise its discretion to award attorneys' fees as part of a cost award under Rule 41(d) only if necessary to deter vexatious and repetitive litigation and where the plaintiff has refiled the same previously dismissed suit in bad faith." (emphasis added). In Wishneski, the parties entered into a stipulation of dismissal in the first case that authorized the defendant to file a Rule 41(d) motion for costs. Id. at *2. In concluding that "there is a complete absence of any showing of bad faith or vexatious conduct", the court noted that "no discovery had taken place in the case previously filed and dismissed . . . nor had there been any substantial motion practice in the case." Id. at *4. That is not the case here.

4

3. The Rule 41(d) Factors Are Met

Addressing the first requirement of Rule 41(d) – Plaintiffs' dismissal of a previous action – fourteen Plaintiffs dismissed their claims against Defendants in Alkow and are among the 118 Plaintiffs in this case who are former Alkow plaintiffs. Thus, the first requirement is met.

Regarding the second Rule 41(d) requirement that Plaintiffs commence a second action against Defendants based on the same claims, there is no dispute that this case is based upon the same or substantially the same claims alleged in Alkow. Shortly after filing the complaint in this case, Plaintiffs filed a Notice of Pendency of Other Actions (Dkt. 3), in which Plaintiffs' counsel certified that this case is "related to" Clements and Alkow. In both this case and Alkow, Plaintiffs contend that Fifth Third Bank and Bank of America did not adhere to the "customary and accepted standard of care" in the banking industry regarding Pearlman's deposits (Dkt. 1 at 9; Alkow Complaint at 7). According to Plaintiffs, Fifth Third Bank and Bank of America substantially assisted in Pearlman's fraudulent activities. Plaintiffs assert many of the same causes of action against the banks in the two cases, including breach of fiduciary duty and aiding and abetting. The same group of attorneys has been involved in both cases.[5] Thus, this action is "based upon" the claims alleged in Alkow for purposes of Rule 41(d).

The third consideration under Rule 41(d) is whether Defendants incurred costs in defending Alkow that will not be useful in this case. Esquivel, 913 F. Supp. at 1392. Defendants' counsel attest to Alkow-specific tasks that they contend will not be useful here, such as preparing for and attending case management conferences, researching and preparing motions to dismiss, and

---

[5] There are some differences between the two cases. For example, the Alkow complaint alleges twenty causes of action against Fifth Third Bank and Bank of America. Plaintiffs in this case allege seven. The Alkow complaint also names defendants who are not parties to this case.

5

responding to the plaintiffs' request for a voluntary dismissal (Margaret Mathews Amend. Aff. at ¶ 16; Mary Hackett Amend. Aff. at ¶¶ 11, 13). Counsel do not request reimbursement for any fees related to defending Clements or for their factual investigation into the Alkow and Clements cases. Thus, the final requirement of Rule 41(d) is satisfied.

4.   Amount of Costs

As the requirements of Rule 41(d) are met, an award of some costs is justified. See Loubier, 178 F.R.D. at 22 (once requirements of Rule 41(d) are met, award of costs may follow). Fourteen Plaintiffs should not bear all of the costs of defending Alkow, however. I recommend that the court assess fifteen percent of Bank of America's and Fifth Third Bank's costs (excluding attorneys' fees) against the fourteen Plaintiffs in this case named in Defendants' motions (see Dkt. 95). The court reaches this figure by dividing the number of current Plaintiffs who dismissed their claims against Defendants in Alkow (fourteen) by the total number of plaintiffs named in the original complaint in Alkow (95).[6] Fifteen percent of the plaintiffs in Alkow are now Plaintiffs in this case and should pay fifteen percent of Defendants' costs under Rule 41.

Upon review of the invoices submitted by counsel for Fifth Third Bank and Bank of America, the court is satisfied that the costs requested by the movants are for work performed in defending Alkow that will not be useful in this case. Consequently, Fifth Third Bank should be awarded $464.16 in costs, and Bank of America should be awarded $96.38 in costs.[7] Each of the fourteen Plaintiffs should pay their pro rata share of these amounts.

---

[6] The court rounds up 14.74% to 15%.

[7] $464.16 is fifteen percent of Fifth Third Bank's costs of $3,094.41. Fifteen percent of Bank of America's $642.53 in costs is $96.38.

5. Amount of Fees

Under the circumstances, the court should also exercise its discretion to award some portion of the movants' attorneys' fees under Rule 41(d). As Defendants point out, this litigation has a long and complicated history: Plaintiffs first filed suit in the Middle District of Florida (Clements), then decided that the Southern District of New York was a better forum (Alkow), and then returned to the Middle District of Florida (Groom) only after Defendants filed motions to dismiss alleging lack of jurisdiction and inconvenient forum. From March 16, 2008, until the fourteen Plaintiffs filed their notice of voluntary dismissal on June 16, 2008 (which the court approved on September 3, 2008), Defendants litigated against the fourteen Plaintiffs specified in Defendants' motions. This chronology provides support for Defendants' contention that Plaintiffs were forum-shopping. Additionally, the commencement of three separate actions is a factor the court may consider in deciding whether to impose a Rule 41(d) award.[8] See Loubier, 178 F.R.D. at 23; Copeland v. Hussmann Corp., 462 F. Supp. 2d 1012, 1023-24 (E.D. Mo. 2006) (noting that the purpose of Rule 41(d) is to deter forum shopping and vexatious litigation). The plain language of Rule 41(d) is permissive; the court "may" award costs and fees in its discretion. Fed. R. Civ. P. 41(d). Based on the current record, there is sufficient evidence for the award of some fees.[9] There is no evidence that

---

[8] The court recognizes that confusion among Plaintiffs' counsel regarding who should serve as lead counsel may have stalled the Alkow case. According to Plaintiffs, once they discovered that their lead counsel in Alkow was under investigation by the New Jersey and New York bars (and has since been disbarred), they engaged Robert Pearl, Esq., who determined that the appropriate forum for the case was the Middle District of Florida. Nevertheless, the fourteen Plaintiffs specified in Defendants' motions litigated against Defendants in Alkow for a substantial amount of time before dismissing their claims.

[9] Bank of America's request for leave to conduct discovery on the issue of bad faith should be denied. Discovery on this issue alone is unwarranted as a finding of bad faith is not required.

these Plaintiffs cannot afford the costs assessed in this order.

The record does not support an award of all attorneys' fees sought by Defendants, however. It would be inequitable to assess all of Defendants' fees in Alkow, a massive litigation that involved dozens of additional plaintiffs, against the fourteen Plaintiffs in this case who dismissed their claims in Alkow and filed this action. Defendants do not cite, and the court has not located a case under Rule 41(d), in which all of the costs of the first action were assessed against a small fraction of the plaintiffs who refiled a second litigation.[10]

Moreover, although some of the Alkow plaintiffs answered Defendants' motions to dismiss by filing a voluntary dismissal of their claims, not all of the Alkow plaintiffs did so. In fact, approximately seventy-five plaintiffs remain in Alkow. Regardless of whether some Plaintiffs dismissed their claims in Alkow, Defendants would have incurred attorneys' fees in that case.

The most equitable solution is to assess fifteen percent of Bank of America's and Fifth Third Bank's fees against the fourteen Plaintiffs named in Defendants' motions as this is the percentage of current Plaintiffs in this case (14) who also were plaintiffs in the original complaint in Alkow (95). The invoices submitted by Fifth Third Bank and Bank of America indicate that Defendants confined their fees requests to hours spent on work that cannot be used in this litigation and the hourly rates claimed for these activities are reasonable.[11] Plaintiffs have not objected to either the

---

[10] Citing Siepel, 239 F.R.D. at 564, Bank of America contends that it is inconsequential to the Rule 41(d) analysis that this action includes a significant number of plaintiffs who were not involved in Alkow (Dkt. 104 at 11). Siepel, however, involved a class action complaint that was filed five previous times in four states on behalf of the same putative class and each time was voluntarily dismissed. 239 F.R.D. at 561-62. This case is not a class action and the plaintiffs have not been the same from case to case.

[11] A substantial part of the attorneys' work was for the research and preparation of motions to dismiss and replies. It is evident that some of the Alkow plaintiffs (including the fourteen

8

hourly rate or the hours billed for the work performed by Defendants' counsel.[12]

However, Plaintiffs allege an inability to pay because their life savings were squandered in the Ponzi scheme that gave rise to this litigation. While this allegation is conclusory, the court could and should exercise its discretion to reduce the fees due to Plaintiffs' financial circumstances. An across-the-board reduction of ten percent is appropriate. See generally Oteng, 615 F. Supp. 2d at 1241-42 (reducing attorneys' fees under Rule 41 due in part to Plaintiffs' argument that they were unable to pay).

A reasonable fees award under Rule 41(d) is for each of the fourteen Plaintiffs to pay their pro rata share to reimburse Fifth Third Bank $13,390.38 in fees and Bank of America $16,653.26 in fees for a total of $30,043.64. These amounts are fifteen percent (15%) of the fees incurred by Defendants in the Alkow litigation, further reduced by an additional ten percent (10%) due to Plaintiffs' financial situation.

The court has the discretion to order a stay of the proceedings pending Plaintiffs' payment of the costs imposed. Fed. R. Civ. P. 41(d). I recommend a litigation stay pending Plaintiffs' payment.

4. "First-Filed Rule"

---

mentioned here) voluntarily dismissed their claims after Defendants filed their motions to dismiss. The court finds that this motion practice was reasonably necessary to defend against the Alkow claims.

[12] In the Eleventh Circuit, attorneys' fees are calculated under a "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1988). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1982)).

Fifth Third Bank also requests that the court stay this case under the "first filed rule" pending the resolution of Fifth Third Bank's motion to dismiss in the Alkow case.

The "first-filed rule" requires that in cases involving "overlapping issues and parties" the federal court in which a controversy is filed first retains the authority to resolve the entire dispute. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). The "first-filed rule" considers (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues. Actsoft, Inc. v. Alcohol Monitoring Sys., Inc., No. 08-cv-628-T-23EAJ, 2008 WL 2266254, at *1 (M.D. Fla. June 3, 2008). The rule is designed to avoid duplicative litigation and the piecemeal resolution of disputes. See Merrill Lynch, Pierce, Fenner & Smith v. Haydu, 675 F.2d 1169, 1173-74 (11th Cir. 1982).

This case involves aiding and abetting and breach of fiduciary duty claims, as does Alkow. This case was filed within a few months of plaintiffs dismissing their claims in the Alkow case. Although the parties are not exactly the same, there are overlapping plaintiffs and defendants between the two actions; currently, eleven Plaintiffs are also plaintiffs in Alkow (see Dkt. 95 at 2). If Fifth Third Bank's motion to dismiss is denied, the potential exists for conflicting decisions between Alkow and this case. Therefore, I recommend that the court stay this action pending a ruling by the Southern District of New York on Fifth Third Bank's motion to dismiss. See Supreme Int'l Corp. v. Anheuser-Busch, Inc., 972 F. Supp. 604, 607-08 (S.D. Fla. 1997). Although all Plaintiffs, not just those who are named in both cases, will be impacted by this stay, this is not a compelling reason to disregard the "first-filed rule." See Manuel, 430 F.3d at 1136.

Accordingly, the court **RECOMMENDS** that:

(1) Defendant Fifth Third Bank's **Motion for Payment of Costs and to Stay**

**Proceedings** (Dkt. 37) and **Amended Motion** (Dkt. 95) and Bank of America's **Amended Motion to Stay Pending Payment of Fees and Costs** (Dkt. 104) be **GRANTED in part and DENIED in part**. Within thirty days of the date of the order adopting this Report and Recommendation, **Plaintiffs Beverly Alkow, Mitchell Alkow, Nadia Alkow, Steven Alkow[13], Marline Cohen, Dennis Coren, Roberta Coren, Kenneth Hirschman, Martiza Montermarano, Medoro Montermarano, Alan Rosen, Paula Rosen, Adeen Schwartz, and Nancy Yacavone** shall pay their pro rata share of $464.16 in costs to Fifth Third Bank and $96.38 in costs to Bank of America: that is, **each** of these Plaintiffs **shall pay $33.15 in costs to Fifth Third Bank and $6.88 in costs to Bank of America.** These Plaintiffs shall also pay their pro rata share of $13,390.38 in fees to Fifth Third Bank and $16,653.26 in fees to Bank of America. That is, **each** of these Plaintiffs **shall pay $956.46 in fees to Fifth Third Bank and $1,189.52 in fees to Bank of America**;

(2) this case be stayed pending Plaintiffs' payment of the costs assessed under Rule 41(d); and

(3) this action should also be stayed pending ruling by the Southern District of New York on Fifth Third's motion to dismiss.

---

[13] Defendants surmise that Plaintiff Steven Alkow is identified as plaintiff S.A. in Alkow. Plaintiffs shall file a notice with the court if this is incorrect.

Dated: January 21 , 2010

ELIZABETH A JENKINS
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge