UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH GROOM, et al.,

                Plaintiffs,

vs.                                       Case No. 8:08-cv-2567-T-27EAJ

BANK OF AMERICA, et al.,

                Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 122) of the Magistrate Judge recommending that Defendant Fifth Third Bank's Motion for Payment of Costs and to Stay Proceedings Pending Compliance (Dkt. 37), as amended (Dkt. 95), and Defendant Bank of America, N.A.'s Amended Motion to Stay Pending Plaintiffs' Payment of Fees and Costs Pursuant to Rule 41(d) (Dkt. 104) be granted. Plaintiffs filed objections to the Report and Recommendation (Dkt. 124), and Defendants responded to the objections (Dkts. 127, 128). Upon consideration, Plaintiffs' objections are overruled and Defendants' motions (Dkts. 37, 95 and 104) are **GRANTED**.

### Rule 41(d), Fed.R.Civ.P.

The Second Amended Complaint includes claims of approximately 118 Plaintiffs against Fifth Third Bank, Bank of America, and several other Defendants. Twenty-five of these Plaintiffs previously filed an action in the Southern District of New York alleging similar claims against Fifth Third Bank, Bank of America, and others. Of those twenty-five Plaintiffs, fourteen filed notices of voluntary dismissal in the New York action, then filed their claims in this action. Eleven Plaintiffs continue to have claims pending in the New York action, leaving the same claims pending in two district courts as to those Plaintiffs. Accordingly, this mass action *currently* involves three distinct

groups of Plaintiffs.[1] Fourteen Plaintiffs first filed in the Southern District of New York, then dismissed and re-filed in this case. Eleven Plaintiffs have claims pending in both cases. The remaining Plaintiffs have nothing to do with the New York action.

The Magistrate Judge recommended that costs and fees be assessed against the fourteen Plaintiffs who previously dismissed their claims in the New York action pursuant to Rule 41(d), Fed.R.Civ.P. The Magistrate Judge further recommended that this action be stayed: (1) until those fourteen Plaintiffs pay a prorated share of the costs and fees incurred by Defendants in that action, and (2) until the Southern District of New York rules on Fifth Third Bank's motion to dismiss for lack of personal jurisdiction and forum non conveniens, based on the "first filed rule."[2]

Plaintiffs argue that costs should not be taxed against them because Fifth Third Bank and Bank of America suffered no prejudice in defending the claims in the New York action. Plaintiffs reason that since that action included claims of several other plaintiffs, Defendants would have been required to defend that action regardless of their involvement, and accordingly, their participation did not cause Defendants to incur any additional incremental costs.

Plaintiffs' argument essentially ignores the remedial and deterrent purpose of Rule 41(d), and its plain language. *See Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007) ("Rule 41(d) promotes the just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus wasting litigant expenses and judicial resources."). Rule 41(d) expressly contemplates the prejudicial impact on a

---

[1] "Currently" is a relative term with respect to the correct number of Plaintiffs in this mass action. This action originally had 45 Plaintiffs. The First Amended Complaint included approximately 290 Plaintiffs. There are now 118. The number of Plaintiffs has changed from time to time, perhaps explaining why Plaintiffs themselves cannot accurately represent the number of Plaintiffs being impacted by the anticipated order. (Dkt. 124, p. 6).

[2] This Court agrees with the Magistrate Judge that attorneys' fees are taxable as a "cost" under Rule 41(d). Rule 54(d) expressly defines costs to include attorneys' fees. *See Cadle Co. v. Beury*, 242 F.R.D. 695, 698-99 (S.D. Ga. 2007) ("Rule 54(d) now defines costs to include attorney's fees, and it controls for purposes of interpreting the word 'costs' in a fellow Federal Rule. Had the Rule drafters intended Rule 41(d) to not include attorney's fees, they would have deployed the same phrase-'costs other than attorneys' fees'-utilized in Rule 54(d)(1).").

defendant when a plaintiff dismisses and re-files against that defendant, without reference to co-plaintiffs or co-defendants. From the perspective of the remedial and deterrent purpose of Rule 41(d), it is inconsequential that the New York action included other plaintiffs, except to the extent, as here, the other plaintiffs contributed to requiring Defendants to defend the New York action. The Magistrate Judge, in recognition that other plaintiffs were involved in the New York action, prorated the costs and fees accordingly, a fair and equitable approach.

In sum, Plaintiffs' efforts to rationalize the prejudicial impact of their conduct are not persuasive and will not enable them to circumvent the consequences of their actions, including the application of Rule 41(d). Their conduct unquestionably meets each of the Rule 41(d) factors, as the Magistrate Judge found. (Dkt. 122, p. 5-6). These Plaintiffs, like any plaintiff who chooses to dismiss then re-file an action against a defendant, should expect and accept the consequences of that decision. The Magistrate Judge applied Rule 41(d) as it was intended to be applied in circumstances like these. There is nothing "draconian" about application of a rule of civil procedure, as Plaintiffs opine. Nor are the recommended sanctions "wholly unwarranted" as Plaintiffs protest. (Dkt. 124, p. 1).

Plaintiffs proffer that counsel made the decision "for the *Alkow* 14 to disengage from joint representation with Mr. Fagan . . . and to join their claims with scores of victims who had never sued before . . ." (Dkt. 124, p. 3). That counsel may have made the decision is of no moment, for purposes of Rule 41(d). Moreover, apparently counsel contemplated the potential application of Rule 41(d) when the decision to re-file in Florida was made. Before taking a voluntary dismissal in the New York action, Plaintiffs moved for leave to dismiss without imposition of fees and costs, which was denied by the district court. (Dkt. 104, p. 4, n.2; Exs. F, G).

Mr. Lowy's affidavit presents a plausible explanation for how this all came about. Notwithstanding, whatever the strategy in dismissing and then refiling claims based on the same

3

essential allegations against these two Defendants, Rule 41(d) is appropriately applied. Suffice it to say that the circumstances resulting in the Rule 41(d) sanctions were entirely within the control of the fourteen Plaintiffs and their counsel, who are masters of their claims.

The Magistrate appropriately recommended that the fourteen Plaintiffs who dismissed their claims in the New York action should be responsible for their *pro rata* share of the total costs. (Dkt. 122, p. 6) ("Fifteen percent of the plaintiffs in Alkow are now Plaintiffs in this case and should pay fifteen percent of Defendants' costs under Rule 41."). Accordingly, the costs recommended are proportionate to the participation of these fourteen Plaintiffs in the New York action, and accordingly proportionate to the prejudice they caused by dismissing their claims in the New York action and refiling them here.[3]

## Stay

The Magistrate Judge recommended that this action be stayed pending payment of the Rule 41(d) sanctions and pending ruling by the Southern District of New York on Fifth Third Bank's motion to dismiss. Plaintiffs argue that this action should not be stayed in its entirety pending payment of costs. While the Court appreciates the perceived unfairness of staying the entire action because of the actions of fourteen of the 118 Plaintiffs, this action was filed as a mass action and will proceed as a mass action. Limiting the stay to only those Plaintiffs who previously dismissed their claims in the New York action would essentially undermine the remedial purpose of the order taxing costs and fees pursuant to Rule 41(d). Further, dissecting those fourteen Plaintiffs for purposes of a stay would create procedural and case management hurdles which need not be injected into the case.

Plaintiffs likewise object to staying this action in its entirety pending resolution of Fifth Third

---

[3] To the extent any of the fourteen Plaintiffs object and contend that they are unable to pay these costs, they have not submitted any supporting evidence. Notwithstanding, the Magistrate Judge recommended an across the board 10% reduction of the fees awarded based on Plaintiffs' unsupported contentions.

4

Bank's motion to dismiss pending in the New York action. Here, twenty-five of the current Plaintiffs caused two federal actions to be filed in two district courts, both of which remain pending against Fifth Third Bank. The cases involve some overlapping issues and parties. In that circumstance, there is a strong presumption that favors the forum of the "first filed" suit. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). Plaintiffs have the burden of proving "compelling circumstances" warranting an exception to that rule. *Id.* Although Plaintiffs' arguments have some practical appeal, they do not present the requisite "compelling circumstances." Moreover, a moderate stay to enable the motion to be ruled on, unlike a dismissal, does not impose undue prejudice on Plaintiffs.

In exercising its discretion to stay, this Court has considered the instructive discussion in *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986). Obviously, the parties in these two actions are not identical. The claims asserted, however, involve the same alleged Ponzi scheme. As noted, eleven Plaintiffs in this action have duplicative claims pending in the New York action. Fifth Third Bank is a named Defendant in both actions. As the claims brought against Fifth Third Bank by these eleven Plaintiffs in both actions are not significantly different, the only way to avoid duplicative proceedings is to stay this action pending resolution of the motion filed by Fifth Third Bank in New York.[4] This action will therefore be stayed until the Southern District of New York resolves Fifth Third Bank's motion to dismiss.

*Conclusion*

For purposes of the Rule 41(d) stay, the Court has carefully considered culling out the fourteen Plaintiffs against whom Rule 41(d) costs have been imposed, and allowing the case to proceed. The Court also considered allowing the case to proceed against the Defendants other than

---

[4] It appears that Plaintiffs could easily resolve the procedural quandary they find themselves in by re-evaluating the claims they wish to prosecute against what Defendants and in which district court. Plaintiffs have needlessly created a procedural 'mess' not easily or efficiently solved.

Fifth Third Bank and Bank of America. That, however, would likely lead to discovery issues and case management concerns. In sum, it simply is not feasible to allow the case to proceed by some Plaintiffs against some Defendants. The Magistrate's recommendation effectively and efficiently avoids the procedural and case management issues which invariably would arise if a partial stay was entered.

Lastly, the Court would be remiss if it did not observe that Plaintiffs remain responsible for the difficult procedural posture this case is in. Although the Court believes Fifth Third Bank's description of the history of these related claims as "tortured" to be a bit strong, this litigation has certainly not been a model for the prosecution of mass actions. The apparent lawyer and forum tug-a-wars aside, Plaintiffs collectively deserve a less troublesome and less onerous prosecution of their claims. Likewise, the Defendants are entitled to a more orderly and predictable litigation. Finally, the case deserves to be managed from the perspective of the merits. A stay of this case will promote a more orderly litigation and a more effective case management, consistent with the Court's inherent authority to control and manage its docket, the litigants, and the lawyers. Accordingly, it is **ORDERED** that

1) The Report and Recommendation (Dkt. 122) is adopted, confirmed, and approved in all respects, and is made part of this order for all purposes, including appellate review.

2) Fifth Third Bank's Motion for Payment of Costs and to Stay Proceedings Pending Compliance (Dkt. 37), as amended (Dkt. 95), and Bank of America, N.A.'s Amended Motion to Stay Pending Plaintiffs' Payment of Fees and Costs (Dkt. 104) are **GRANTED**.

3) Within thirty (30) days, the following Plaintiffs shall pay $33.15 in costs and $956.46 in fees to Fifth Third Bank, as well as $6.88 in costs and $1,189.52 in fees to Bank of America: Beverly Alkow, Mitchell Alkow, Nadia Alkow, Steven Alkow, Marline Cohen, Dennis Coren, Roberta Coren, Kenneth Hirschman, Martiza Montermarano, Medoro Montermarano, Alan Rosen,

Paula Rosen, Adeen Schwartz, and Nancy Yacavone.

4) No later than five (5) days after the time for payment expires, Fifth Third Bank and Bank of America shall file a notice certifying whether they received payment from each of these Plaintiffs. Failure of any of these Plaintiffs to pay the costs and fees as ordered will result in dismissal of that Plaintiff's claims against Bank of America and Fifth Third Bank, **<u>without further notice from the Court</u>**. This case shall be stayed pending payment of the costs and fees ordered.

5) Further, this action is stayed pending a ruling from the Southern District of New York on Fifth Third Bank's motion to dismiss.

6) The Clerk is directed to administratively close this case, subject to being re-opened on motion of any party, without payment of an additional filing fee.

7) The motions to dismiss Plaintiff's Second Amended Complaint filed by Dun & Bradstreet, Inc. (Dkt. 90), Fifth Third Bank (Dkt. 94), Bank of America, N.A. (Dkt. 97), Carolina First Bank (Dkt. 102), and SunTrust Bank (Dkt. 109) are **DENIED** without prejudice. Defendants may renew these motions after the stay has been lifted by filing notices of renewal, without the necessity of refiling the motions.

**DONE AND ORDERED** this 22nd day of February, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

7